UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSADELLA DURRUTHY,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CHARTER COMMUNICATIONS, LLC, et al.,<br><br>　　　　　　　　　　　Defendants. | Case No.: 20-CV-1374 W (MSB)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO STAY PROCEEDINGS PENDING APPEAL [DOC. 10]** |

　　　Pending before the Court is a motion to stay this case pending the appeal of the Court's denial of Defendant's motion to compel arbitration. [Doc. 10.] Plaintiff opposes. The Court decides the matters on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons that follow, the Court **GRANTS** Defendant's motion and stays these proceedings—including Plaintiff's pendant motion for attorney fees—pending the Ninth Circuit Appeal.

1

## I. BACKGROUND

On November 23, 2020, this Court denied Defendant Charter Communications, LLC's ("Charter's") motion to compel arbitration. [Doc. 7.] Charter now seeks to stay this action pending resolution of its appeal of the order. Plaintiff argues that Charter's appeal is meritless and that the Court should deny the motion.

## II. LEGAL STANDARD

The Federal Arbitration Act ("FAA") reflects a strong federal policy favoring arbitration. 9 U.S.C. § 16(a); A.G. Edwards & Sons, Inc. v. McCollough, 967 F.2d 1401, 1404 n. 2 (9th Cir. 1992). To further this federal policy, section 16 of the FAA "endeavors to promote appeals from orders barring arbitration and limit appeals from orders directing arbitration." Sanford v. Memberworks, Inc., 483 F.3d 956, 961 (9th Cir. 2007) (quoting Bushley v. Credit Suisse First Boston., 360 F.3d 1149, 1153 (2d. Cir. 2004)). Accordingly, under the FAA, a party may immediately appeal a court order denying a motion to compel arbitration. 9 U.S.C. § 16(a). This ensures that the issue of whether a dispute is to be resolved through arbitration is decided before excess time, money, and judicial resources are spent in litigation. C.B.S. Employee Federal Credit Union v. Donaldson, 716 F.Supp. 307, 310 (W.D.Tenn. 1989).

The system created by the FAA allows the district court to stay the proceedings pending an appeal from its refusal to compel arbitration if the court finds that the motion presents a substantial question for the court of appeal to consider. See Britton v. Co-op Banking Group, 916 F.2d 1405, 1412 (9th Cir. 1990). Courts generally consider four factors when determining whether to grant a stay pending the appeal of a civil order: first, whether the applicant has made a strong showing that it is likely to succeed on the merits; second, whether the moving party will be irreparably injured absent a stay; third, whether a stay will substantially injure the opposing party; and fourth, whether the public interest favors a stay. See id. (approving C.B.S., 716 F. Supp. at 309 (quoting Hilton v.

Braunskill, 481 U.S. 770, 776 (1986))). The decision to stay proceedings is a "proper subject for the exercise of discretion by the trial court." Britton, 916 F.2d at 1412.

III.    **DISCUSSION**

After considering the parties' arguments, the Court determines a brief stay in this case is appropriate. First, Charter argues it has a reasonable probability of prevailing entitling it to a stay because other courts have granted motions to compel arbitration based on the same agreement at issue and still others have rejected the unconscionability arguments this Court relied on in its ruling. Although the Court is not convinced by Charter's rehashing of arguments used in its initial motion to compel arbitration, the remaining three factors nevertheless merit interim relief. See C.B.S., 716 F. Supp. at 310 (citing Wash. Area Transit Comm'n, 559 F.2d at 842) (When the other three factors strongly favor interim relief, a court may exercise its discretion to grant a stay if the movant has made a substantial case on the merits, regardless of the "mathematical probability of success" or the court's contrary views of the merits.)

The second factor is whether the moving party will be irreparably injured absent a stay. See C.B.S., 716 F. Supp. at 310. Although the costs incurred through litigation are not usually considered irreparable harm, this situation presents an exception. Charter's main purpose in appealing this Court's order is to avoid litigation by obtaining a ruling from the Ninth Circuit that the arbitration agreement is enforceable. Arbitration may be meaningless if the movant is required to litigate this case pending the appeal. Id. As the Ninth Circuit has stated, if the "party must undergo the expense and delay of a trial before being able to appeal, the advantages of arbitration–speed and economy–are lost forever." See Alascom, Inc. v. ITT North Electric Co., 727 F.2d 1419, 1422 (9th Cir. 1984) (finding the consequence serious, perhaps, irreparable, and effectually challenged only by immediate appeal). Because they will lose the advantages of arbitration if the Ninth Circuit ultimately reverses the order, the harm to Charter would be irreparable.

1  Thus, the Court finds that the second factor weighs in favor of granting the motion to
2  stay.
3     The third factor is whether a stay will substantially injure the opposing party's
4  interest in the proceeding.  See C.B.S., 716 F. Supp. at 310.  Plaintiff contends that the
5  harm resulting from a delay outweighs the harm that Charter would risk absent a stay.
6  (See Pls.' Opp'n, at 20:3–4.)  The Court recognizes Plaintiff's right to have the claims
7  resolved.  However, given the fact that all briefing will be completed by March 25, 2021,
8  in less than two months, the Court finds that Plaintiff will not suffer a substantial injury.
9     Finally, the fourth factor is whether the issuance of a stay is in the public interest.
10 See C.B.S., 716 F. Supp. at 310.  Congress has expressed a strong public interest in
11 arbitration through the FAA.  Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,
12 460 U.S. 1, 24 (1983); A.G. Edwards & Sons, 967 F.2d at 1404 n.2.  To further this
13 interest, an order denying a motion to compel arbitration is immediately appealable.  9
14 U.S.C. § 16(a).  This ensures that the issue of whether a dispute is to be resolved through
15 arbitration is decided before excess time and money are spent in litigation.
16    Additionally, the interest in judicial economy and efficiency urge a stay in
17 proceedings pending appeal.  As the district court in C.B.S. observed, it "does not make
18 sense for this Court to expend its time and energy preparing this case for trial and
19 possibly trying it only to learn at a later date from the court of appeals that it was not the
20 proper forum to hear the case."  716 F. Supp. at 310.  A stay promotes the public interest
21 in the efficient allocation of judicial resources.  Thus, the fourth factor weighs in favor of
22 granting a stay.
23 //
24 //
25
26
27
28

IV. **CONCLUSION**

Based on the foregoing, the Court **GRANTS** Charter's motion to stay this case. [Doc. 10.] These proceedings, including Plaintiff's pending motion for attorney fees [Doc. 11], are stayed pending the Ninth Circuit Appeal.

**IT IS SO ORDERED.**

Dated: January 25, 2021

Hon. Thomas J. Whelan
United States District Judge